# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY E. EALY,

      Plaintiff,   :   Case No. 3:09-cv-052

                District Judge Walter Herbert Rice
  -vs-                Magistrate Judge Michael R. Merz

                :

STEVE DIORIO, et al.,

      Defendant.

## REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint

1

is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Plaintiff Larry E. Ealy brought this action against Steve Diorio, identified as a news anchor for Channel 2 News; Rhine McLin, Mayor of the City of Dayton, Ohio; and John Danish, identified in the caption as Chief Trial Counsel for the City of Dayton. The case is purportedly brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. In the body of the Complaint, Plaintiff mentions the City of Dayton as a necessary party.

Plaintiff alleges that on February 9, 2008, the Defendants slandered him by showing his picture on television with that of "Cookie from St. Louis, Missouri, when he shot the Mayor and Commissioners." He says that this cast him in a negative light "thus attempting to assonate [sic] his character by making the statement he's violent and a threat to the Commission and society when it's the Dayton Police who are the true killers protected by the Courts." (Complaint, Doc. No. 1, at ¶ 9.) He also claims the Defendants violated his First and Fourteenth Amendments rights by barring

him from Dayton City Hall for five years on March 2, 2004.

A claim of defamation is not actionable under 42 U.S.C. § 1983 or 1985. *Paul v. Davis*, 424 U.S. 693 (1976). Plaintiff may have a cause of action under state law against anyone defaming him,. but not under the civil rights acts. Plaintiff's defamation claim should be dismissed without prejudice for failure to state a claim upon which relief can be granted under federal law.

Plaintiff's claim that he was unconstitutionally barred from City Hall is barred by the two-year statute of limitations which applies to civil rights actions under 42 U.S.C. §§ 1983 and 1985. The statute of limitations under Ohio law for actions brought pursuant to 42 U.S.C. § 1983 is two years. Ohio Revised Code §2305.10. *Nadra v. Mbah*, 119 Ohio St. 3d 305 (2008); *Banks v. City of Whitehall*, 344 F. 3d 550, 551 (6th Cir. 2003), *citing Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(*en banc*). Plaintiff's claim relating to the barring from City Hall should be dismissed with prejudice as barred by the statute of limitations.

The Clerk is ORDERED not to issue process in this case pending further order.

February 10, 2009.

                                                       s/ **Michael R. Merz**
                                                   United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).